HUDSON vs VON WEISE.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 603).

1. *Appeal—Dismissal—Specifications of Error.*

Where neither appellant's brief nor the transcript of the record shows specifications of error, the appeal is subject to dismissal.

2. *Appointment of Guardian—Provisions of Statute.*

By Mansf. Dig. § 3462 (Ind. Ter. Ann. St. 1899, § 2358) the clerk of probate may in vacation, subject to court's confirmation grant letters of guardianship. By section 3465 (Ind. Ter. Ann. St. 1899 § 2361) the father, while living, is the natural guardian of his children; after his death the mother is their natural guardian. By section 3466 (Ind. Ter. Ann. St. 1899, § 2362) if minor have no living parents or if parents be incompetent probate courts shall appoint guardians to minors under 14 years of age. Where probate court appointed a guardian for such minor children on petition of their father, the United States could not confirm an appointment made by the clerk of court of another person as guardian, over the protest of the father.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, November 25, 1904.

Protest by Peter J. Hudson against the appointment of Chas. K. Von Weise as guardian of said Hudson's minor children. From an order confirming the appointment, said Hudson appeals. Reversed.

On the 7th day of March, 1904, Peter J. Hudson was duly appointed guardian of Listie Bohannon, Liza Bohannon, and Elizabeth Bohannon in the county and probate court of Neshoba county, Choctaw Nation; this being the county where the minors resided, and this appointment being made on the written request of Listie Bohannon, who was over 14 years of age, and of Jesse Bohannon, the father of the minors. On June 23, 1904, Peter J. Hudson was also appointed guardian by the United States Court for the Southern District of the Indian Territory at Ardmore. On June 18, 1904, Chas. K. Von Weise applied to the clerk of the United States Court for the Southern District of the Indian Territory at Tishomingo, and on his application the clerk, in vacation, appointed said Von Weise guardian of Elizabeth and Liza Bohannon, which appointment was subject to the confirmation of the court in term time. On the 28th day of November, 1904, Peter J. Hudson, guardian, and Jesse Bohannon, father of the minors, filed a protest before the Honorable J. T. Dickerson, judge of the United States Court for the Southern District of the Indian Territory, at Tishomingo, protesting against the confirmation of the appointment of Von Weise. The court overruled said protest and proceeded to make an order confirming the appointment of Von Weise. Peter J. Hudson, guardian, filed a motion for a new trial, which was overruled, prayed an appeal to this court, which was allowed, and in due time filed a supersedeas bond and perfected his appeal.

*Martin & Gidney* and *Potter, Bowman & Potter*, for appellant.

*Gilbert* and *Bond*, for appellee.

GILL, C. J. after stating the facts as above). In this case there is no specification of error in the brief of the appellant or in the transcript of the record, and appeal would be subject to dismissal on this ground. The question, however, presented by the brief of the appellant is the effect of the appointment of Peter J. Hudson as guardian by the probate court of Neshoba county, Choctaw Nation. This, however, is not the question presented by the record. The question presented by the record is whether or not the United States Court for the Southern District of the Indian Territory had the right to confirm the appointment of Chas. K. Von Weise as guardian of the minors, Eliza and Elizabeth Bohannon, over the protest of Peter J. Hudson and Jesse Bohannon, father of Eliza and Elizabeth Bohannon, made June 18, 1904, by the clerk of the United States Court for the Southern District of Indian Territory, at Tishomingo, or whether the court was bound, under the law, to confirm the appointment of Peter J. Hudson, made June 23, 1904, by the clerk of the United States Court for the Southern District of Indian Territory, at Ardmore. The court is bound to follow the statute. The statute (section 3462, Mansf. Dig. [Ind. Ter. Ann. St. 1899, § 2358]) provides that the clerk of probate shall, in vacation, have power to grant letters of guardianship, subject to confirmation or rejection of the court. In the case at bar letters of guardianship were granted by the clerk of two different courts to two different persons, either of which was subject to the confirmation or rejection of the court, under the law.

The digest further provides, in section 3465 [Ind. Ter. Ann. St. 1899, § 2361], that the father, while living, and, after his death, the mother, if living, shall be the natural guardian of their children, and have the custody and care of their persons, education, and estates. Section 3466 [Ind. Ter. Ann. St. 1899, § 2362] provides that, if any minor have no parents living or the parents be adjudged incompetent or unfit for

the duties of guardian, the respective courts of probate in their respective counties shall appoint guardians to such minors under the age of 14 years and admit those of that age to choose guardians for themselves subject to the approval of the court. Under the law the father of these children was their natural guardian, and, until he was adjudged by the court to be incompetent, he had the right to control their estates, and the court would have no right, without first adjudging him incompetent, to confirm the appointment of some one other than himself or his selection, in the face of the protest of the father against the appointment of Von Weise as guardian. And, the record not disclosing that the judge made a finding at any time that the father, Jesse Bohannon, was incompetent to act as guardian or have charge of the affairs of his children, it exceeded its authority in the appointment of Von Weise as guardian over his protest, and, there being error in the record, the case is reversed and remanded, with directions to set aside the confirmation order of Von Weise's appointment as guardian and require him to give a full and perfect account of all of his acts and doings, and proceed to appoint some competent person to act as guardian for these minor children in accordance with the statute. All concur.

CLAYTON, TOWNSEND, and LAWRENCE, JJ., concur.